UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| COREY BAILEY, JR. | § | C.A. NO. 3:19-cv-00133 |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| APACHE SHELF, INC. ET AL | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Corey Bailey, Jr. ("Plaintiff"), complaining of Defendants Apache Shelf, Inc. and Monforte Exploration L.L.C., and, for cause of action, would respectfully show this Honorable Court as follows:

### I.  PARTIES

1.1   Plaintiff Corey Bailey, Jr., is a U.S. citizen and resident of Louisiana.

1.2   Defendant Apache Shelf, Inc., is a Delaware corporation with its principal place of business Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit.  This Defendant has appeared herein.

1.3   Defendant Monforte Exploration L.L.C., is a domestic limited liability company with its principal place of business Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process by serving its registered agent Benjamin Smith, 3200 Southwest Freeway Suite 3300, Houston, Texas 77027.

## II. JURISDICTION

2.1     This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq.*

## III. VENUE

3.1     Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391 as Defendants reside in this District.

## IV. FACTS

4.1     On or about November 26, 2018, Plaintiff was working as an assistant radiographer for NVI contracted to Danos to work on Defendants' offshore platform located at Ship Shoal 277, and was seriously injured when he slipped on metal stairs on the platform.

## V. CAUSE OF ACTION

### A.     NEGLIGENCE AND GROSS NEGLIGENCE

5.1     As stated above, on or about November 26, 2018, Plaintiff sustained serious and disabling injuries while on Defendants' platform.

5.2     Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendants, their agents, servants and/or employees who

were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

  5.3  Defendants are liable for the subject accident and Plaintiff's injuries and resultant damages by reason of its negligence, gross negligence, and/or conditions attributable to it, directly and/or vicariously, by and through its agents, representatives and/or employees, in one or more of the following particulars, among others:

    (a)  failing to ensure the premises was free from hazards;

    (b)  failing to properly maintain the platform and/or ensure it was free from defect;

    (c)  failing to ensure the safety of workers aboard the platform;

    (d)  failing to perform all operations in a safe and work-like manner; and

    (e)  other acts and omissions that will be shown at the time of trial herein.

  5.4  Plaintiff would further show that Defendants had custody or control of the platform, and were responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury.

## VI.  DAMAGES (PECUNIARY AND NON-PECUNIARY)

  6.1  As a result of these occurrences and the negligence and/or gross negligence of Defendants, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to

much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

      6.2    Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

    (a)    physical disability sustained by Plaintiff from the date of injury to the time of trial;

    (b)    future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

    (c)    physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

    (d)    physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

    (e)    loss or earnings sustained by Plaintiff from the date of injury to time of trial;

    (f)    loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

    (g)    reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

    (h)    reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

    (i)    past and future physical disfigurement;

    (j)    past and future physical impairment; and

    (k)    any other damage to which Plaintiff is entitled under applicable law.

## VII. INTEREST

7.1   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1   Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays:

(a)   that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)   that a judgment may be entered in favor of Plaintiff against Defendants for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; attorney's fees; costs of suit; and

(c)   for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

    Respectfully submitted,

    */s/ Marcus R. Spagnoletti*
    Marcus R. Spagnoletti
    SBN 24076708 / SDTX 1139660
    mspagnoletti@spaglaw.com
    401 Louisiana Street, 8th Floor
    Houston, Texas 77002
    Telephone:   713-653-5600
    Facsimile:   713-653-5656

**OF COUNSEL**

SPAGNOLETTI LAW FIRM
Eric J. Rhine
SBN 24060485 / SDTX ID 1786163
erhine@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:     713-653-5656

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all counsel of record via CM/ECF Notice of Electronic Filing, in accordance with the Federal Rules of Civil Procedure on this 7th day of May, 2019.

                        */s/ Marcus R. Spagnoletti*
                        Marcus R. Spagnoletti